IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SILKEEN LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| L-COM, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT**

Plaintiff Silkeen LLC ("Plaintiff" or "Silkeen") files this Complaint against L-com, Inc. ("Defendant" or "L-com") for infringement of United States Patent No. 7,944,469 (hereinafter "the '469 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 555 Republic Dr., Suite 287 Plano, TX 75074-5481.

4. On information and belief, Defendant is a corporation having a place of business located at 50 High Street, West Mill, 3rd Floor, Suite #30, North Andover, MA 01845.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,944,469)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '469 Patent with sole rights to enforce the '469 Patent and sue infringers.

11. A copy of the '469 Patent, titled "System and Method for Network Operation," is attached hereto as Exhibit A.

12. The '469 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, 5, 7, 9, 10, 11, 13, 15 and 16 of the '469 patent

by making, using, importing, selling, and/or offering for sale wireless sensors and output devices ("Devices") covered by one or more claims of the '469 patent. Defendant has infringed and continues to infringe the '469 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offer to sell, and/or use the Devices including, without limitation, the Point Manager product, and any similar products, which infringe at least Claims 1, 5, 7, 9, 10, 11, 13, 15 and 16 of the '469 Patent.

15. The Devices process device data such as, for example, measurements related to temperature and humidity.  The devices obtain the device data, which corresponds to one or more monitoring devices such as, for example, temperature and humidity sensors.

16. The Devices compare the monitoring device data to previously collected device data.  For example, the Devices compare temperature and humidity measurements to data confined within a threshold limit as set by a user.

17. The Devices generate an output (e.g., email, local alert, host computer alert) if the monitoring device data substantially deviates from the previously collected monitoring device data.  For example, if the temperature and humidity measurements deviate from the data confined within the threshold limit, an output is generated.  On information and belief, the monitoring device data is stored in tables that include dimensions (e.g., temperature and humidity) and measures (e.g, values).  On information and belief, Defendant must use and maintain a multi-dimensional database in order to store and display the temperature readings, humidity, readings, and the date and time of said readings to a plurality or users.

18. On information and belief, the monitoring device data stored in the tables is update periodically to reflect desired norms (e.g., thresholds) within a given dimension (e.g., temperature and/or humidity).  On information and belief the monitoring device data is

compared to the desired norms to determine a rule violation (e.g., exceeding the threshold).

19. The output corresponds to the generation of an alarm signal. For example, the Devices generate an alarm signal when the threshold is exceeded.

20. The output corresponds to the generation of a notification or notification sequence. For example, the Devices generate notifications and/or notification sequences in the form of email, local alerts, and/or host computer alerts.

21. At least one output is communicated to an authorized user using a hierarchy of communication mediums. For example, the Devices allow a user to select the users to be notified and the method or methods of communication. Alerts are sent to each designated host computer until delivery is confirmed.

22. On information and belief, the tables are fact tables that employ data cubes that include dimensions and measures. For example, Defendant must use and maintain a multi-dimensional database in order to store and display the temperature readings, humidity, readings, and the date and time of said readings to a plurality or users. On information and belief, data that is stored and linked via multiple indexes must be stored in a multidimensional data cube.

23. On information and belief, the Devices include a data interface component for obtaining monitoring device data. For example, the Devices operate wirelessly and include an Ethernet (or other) wireless interface for obtaining the temperature and humidity measurements from the sensors.

24. On information and belief the Devices include a rules component (e.g., embedded software instructions) for storing previously collected monitoring device data. On information and belief, the Devices also include a data processing application for determining

whether the monitoring device data substantially deviates from the previously collected monitoring device data.

25. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

26. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

27. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,944,469 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 4, 2016  Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A